IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **COLLINS OROGUN,** §<br>**#06789-579,** §<br> §<br>　**Movant,** §<br> §<br>v. §<br> §<br>**UNITED STATES OF AMERICA,** §<br> §<br>　**Respondent.** § | | No. 3:24-cv-1053-L<br>No. (3:20-cr-00122-L-6) |

**MEMORANDUM OPINION AND ORDER**

Before the court is Movant Collins Orogun's ("Movant") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") (Doc. 2), filed April 30, 2024. After careful consideration and based on the relevant filings and applicable law, the court, for the reasons herein stated, **denies** the Motion and **dismisses** this action **with prejudice**.

**I.   Background**

Movant challenges his federal conviction and sentence in Cause No. 3:20-CR-122-L. The respondent is the United States of America ("Government").

**A.   Conviction and Sentencing**

Movant pleaded guilty to count one of a superseding indictment charging him with conspiracy to launder monetary instruments, in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i) & (B)(i), and 1956(a)(2)(A) & (2)(B)(i). *See* Crim. Docs. 189, 310, 377. By judgment dated May 15, 2023, he was sentenced to 70 months of imprisonment, to be followed by two years of supervised release, and ordered to pay restitution in the amount of $461,692.07. *See* Crim. Doc. 368 at 1-3. The Fifth Circuit dismissed his appeal after concluding there were no nonfrivolous

grounds for review. *See* Crim. Doc. 398; *see also United States v. Orogun*, 2024 WL 1193563 (5th Cir. Mar. 20, 2024). Movant timely filed this Motion. Doc. 2. The Government opposes § 2255 relief. Doc. 8 (the "Response"). Movant did not file a reply.

### B. Substantive Claims

Movant's Motion raises a single ground of relief, alleging that his trial counsel rendered ineffective assistance at sentencing by failing to: (1) challenge the calculation of his base offense level; (2) object to the two-level enhancement for sophisticated laundering; (3) object to the three-level enhancement for his role in the offense; (4) argue that his adjusted offense level should have been level 22 rather than level 29; and (5) argue for an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). Doc. 2 at 5. The Response argues that the record fails to show that Movant received ineffective assistance, and as discussed below, this Court agrees.

## II. Scope of Relief Under § 2255

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

**III.     Discussion**

    **A.  Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To state a claim of ineffective assistance of counsel successfully, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the movant's defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (stating that prejudice inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would have been reasonably likely to differ absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

### 1. Base-Offense Level

Movant first contends that counsel was ineffective for failing to argue that his base offense level should have been 20 rather than 22. Doc. 2 at 5. Movant reasons that because his total restitution amount was $461,692.07—less than $550,000[1]—the court should have applied a 12-level rather than a 14-level enhancement, producing a base offense level of 20. *See id.* This argument conflates two distinct sentencing concepts and is meritless.

The base offense level for money laundering under USSG § 2S1.1(a)(2) is determined by the "value of the laundered funds," not by the restitution amount. Restitution compensates victims for specific, ascertainable losses and serves an entirely different purpose than the guidelines loss table, which is used to calibrate a custodial sentence. *Compare* USSG § 2S1.1(a)(2) *with* USSG § 5E1.1. The two figures need not be the same, and the government's decision to seek restitution only for domestic victims with known addresses does not limit what the court may consider in calculating the value of the laundered funds. *See* Crim. Doc. 325-1 (Presentence Report (PSR) ¶ 47).

In any event, the record forecloses Movant's argument. In his written factual resume, Movant admitted that the money he transferred for others for a fee was "more than $800,000." Crim. Doc. 309 at 3. Movant also confirmed in open court that the factual resume was "true and correct in every respect." Crim. Doc. 377 at 26-27. Such sworn statements carry a "strong presumption of verity" that presents a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Movant provides nothing to overcome that presumption.

---

[1] USSG § 2B1.1 provides a level 14 enhancement when there is more than $550,000 in laundered funds.

Movant's related argument, that the court was limited to considering relevant conduct ending in February 2020 based on the original indictment, is equally without merit. Movant did not plead guilty to the original indictment. Instead, he pleaded guilty to Count One of the superseding indictment, which alleged that the conspiracy continued "through 2020" without identifying a specific month. Doc. 189 at 1-2. The law does not require conspiracy charges to pin down the offense to a precise calendar date. *See United States v. Ellender*, 947 F.2d 748, 756 (5th Cir. 1991); *see also United States v. Lokey*, 945 F.2d 825, 832 (5th Cir. 1991) ("An allegation as to the time of the offense is not an essential element of the offense charged in the indictment.") The more specific language in the original indictment therefore does not limit the allegations of the superseding document (the operative document), or what the court may properly consider at sentencing.

Moreover, Movant cannot show that the limitation he proposes would have made any practical difference in his sentence. The record shows that Movant was arrested on March 12, 2020, a mere twelve days beyond the February 2020 cutoff he suggests. There is nothing in the record indicating that excluding that brief period would have reduced the laundered total below the guideline threshold. With $997,684.71 in laundered funds established by the PSR at ¶ 36, there is no basis to conclude that omitting a twelve-day window at the tail end of a multi-year scheme would have altered the offense level calculation. Counsel was not ineffective for failing to press an argument with no factual foundation. This claim is denied.

### 2. Sophisticated Laundering Enhancement

Movant next contends that counsel should have objected to the two-level enhancement for sophisticated laundering under USSG § 2S1.1(b)(3) because the superseding indictment does

**Memorandum Opinion and Order – Page 5**

not mention an unindicted coconspirator (UCC). Doc. 2 at 5. This argument is meritless for more than one reason.

The PSR recommended the sophisticated laundering enhancement based on the layering of transactions in the scheme generally, of which Movant's use of the UCC was only one component. *See* PSR ¶ 55. Movant's conduct also involved the use of bank accounts held in the names of shell corporations and the routing of funds through international accounts, conduct that independently triggers the enhancement. *See* USSG § 2S1.1, cmt. n.5 (identifying use of shell corporations and offshore financial accounts as indicia of sophisticated laundering); *United States v. Hagen*, 60 F.4th 932, 950 (5th Cir. 2023). Here, the enhancement did not rest solely on the UCC's involvement, and any objection predicated on the indictment's silence regarding the UCC would not have succeeded. *United States v. Gayton*, 74 F.3d 545, 552 (5th Cir. 1996) (rejecting a challenge to an indictment's failure to identify unindicted coconspirators, noting that the defendants were provided a list of such individuals shortly before trial and failed to demonstrate any prejudice from the omission); *see also United States v. Price*, 869 F.2d 801 (1989) (emphasizing that a person can be convicted of conspiring with unknown individuals if the indictment asserts their existence and the evidence supports it).

Even if the enhancement had rested entirely on the UCC, that would have been permissible. The superseding indictment alleged that Movant conspired with individuals "known and unknown" to the grand jury (Crim. Doc. 189), and there is no requirement that the government name every uncharged participant in the charging instrument. *See United States v. Vasquez*, 677 F.3d 685, 694 (5th Cir. 2012). At sentencing, moreover, the court "may consider any information [that] bears sufficient indicia of reliability to support its probable accuracy," *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (internal quotation marks omitted), and is not confined

to the allegations in the indictment or the facts admitted in the factual resume. Because the underlying objection would have been meritless, counsel was not deficient for failing to raise it, and Movant cannot show that the outcome of his sentencing would have been different had counsel done so. This claim is denied.

### 3. Role-in-the-Offense Enhancement

Movant also challenges the three-level enhancement for his role in the offense under USSG § 3B1.1(b), again on the ground that the superseding indictment fails to disclose the UCC. Doc. 2 at 5. For the reasons already stated, the indictment's silence regarding the UCC does not render the enhancement erroneous.

Notably, the PSR set forth in detail Movant's recruitment and direction of the UCC, *see* PSR ¶ 35, and the court was entitled to consider that information at sentencing regardless of whether the indictment identified the UCC by name. *See Harris*, 702 F.3d at 230; *Price*, 869 F.2d at 804. Movant offers no legal or factual basis on which counsel could have successfully challenged the PSR's account of his supervisory role. His conclusory allegation of ineffective assistance is insufficient to raise a constitutional claim. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Thus, any objection to this enhancement would have been meritless. This claim is denied.

### 4. Adjusted Offense Level

Movant also contends that counsel should have argued that his adjusted offense level was 22 rather than 29. Doc. 2 at 5. This claim is entirely derivative of his challenges to the base offense level and the two enhancements addressed above. Because each of those underlying claims fails for the reasons stated, the claim that the adjusted offense level should have been lower fails as well.

**Memorandum Opinion and Order – Page 7**

More specifically, a sentencing court is entitled to rely on PSR findings where they go unrebutted. *See Harris*, 702 F.3d. at 230. Movant offered nothing at sentencing to call the PSR's figures or conclusions into question, and he offers nothing now beyond the derivative arguments already rejected above. Having failed to identify any specific, meritorious objection that would have altered either the guideline calculation or the sentence ultimately imposed, Movant cannot show that Counsel was deficient for declining to raise such arguments. Further, because the underlying guideline calculations were properly applied and supported by the record, Movant has not shown a reasonable probability that the outcome of the sentencing proceeding would have been different had counsel raised the proposed argument. Accordingly, this claim is denied.

**5. Additional Acceptance-of-Responsibility Reduction**

Finally, Movant contends that counsel should have argued for an additional one-level reduction under USSG § 3E1.1(b) based on the cooperation provision in his plea supplement. Doc. 2 at 5-6. This claim reflects a fundamental misunderstanding of the guidelines.

The third acceptance-of-responsibility point under § 3E1.1(b) is available only "upon motion of the government" and only where the defendant has assisted authorities "by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial." USSG § 3E1.1(b). The commentary makes clear that the government "is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial" and that the reduction "may only be granted upon formal motion by the government at the time of sentencing." USSG § 3E1.1, cmt. n.6. A court cannot award the reduction absent such a motion. The government did not move for the reduction here, and for good reason: after the government spent months preparing for trial—filing witness and exhibit lists, proposed jury instructions, and proposed *voir dire*—Movant waited until the morning of trial,

while jurors were summoned and the court's calendar was cleared, to enter his guilty plea. *See* Docs. 227, 232, 234, 294, 304, 315; Crim. Doc. 377 at 29 (Rearraignment Hrg. Tr.); Crim. Doc. 379 at 22 (Sentencing Tr.). The court observed at sentencing that pleading guilty on the day of trial is not the kind of timely notification the guideline contemplates. *See* Doc. 379 at 22.

A cooperation provision in a plea supplement is not a substitute for the government's sentencing motion and does not independently entitle a defendant to the third point. Because the court could not have granted the reduction without a government motion that the government had no obligation to file and did not file, counsel's failure to argue for the point did not constitute deficient performance. This claim is denied.

## IV.  Conclusion

Accordingly, Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **denied**, and this case is **dismissed with prejudice**.

**It is so ordered** this 12th day of March, 2026.

                                              Sam A. Lindsay
                                              United States District Judge

**Memorandum Opinion and Order – Page 9**